GOTTLIEB GLASER V. THE STATE.

No. 782. Decided November 9, 1910.

Rehearing Denied November 30, 1910.

**1.—Arson—Conflict of Testimony—Question of Fact,**

Where, upon trial of arson, the testimony of the defense strongly conflicted with the State's testimony on the question of alibi, insanity, etc., the same was a question of fact for the jury.

**2.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial of arson, the court so submitted in his charge to the jury the issues raised by the evidence that it left them to be decided by the jury, the same was not a charge on the weight of the evidence.

Appeal from the District Court of Fayette.    Tried below before the Hon. L. W. Moore.

Appeal from a conviction of arson; penalty, two years imprisonment in the penitentiary.

The main State's witness testified that she saw the blaze of the fire and started towards the burning house in a run, and as she ran around the burning crib she met the defendant; that he ran out from the direction of the house right by the witness towards the gate; that she accused him of setting fire to the crib, but he made no reply but kept running; that the witness saw the defendant plainly and there was nothing in the way to prevent her from seeing him; that she knew the defendant and had known him for four or five years previously.

The opinion states the case.

*John T. Duncan,* for appellant.—On the question of the court's charge on the weight of the evidence: White v. State, 13 Texas, 133; Long v. State, 1 Texas Crim. App., 466; Brown v. State, 3 Texas Crim. App., 294; Webb v. State, 8 Texas Crim. App., 115; Parrish v. State, 45 Texas, 51; Foster v. State, 1 Texas Crim. App., 363; Johnson.v. State, 1 Texas Crim. App., 609; Maddox v. State, 12 Texas Crim. App., 429; McWhorther v. State, 11 Texas Crim. App., 584.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 29th day of April of this year an indictment was filed against appellant charging him with setting fire to a certain house of one Harriett Posey Pope.   The case came to trial on May 10 and resulted in a verdict of conviction in which appellant's punishment was assessed at confinement in the penitentiary for two years.

1.   There is in the record positive testimony of appellant's connection with the attempted burning of the house in question.   On the other hand there is some testimony strongly suggesting an alibi. Again, there was some fairly strong testimony raising the issue of appellant's sanity.   Both of these defenses were submitted to the jury and were both resolved by the jury against his contention.   In the state of the record we would not be justified in reversing the judgment on account of the insufficiency of the testimony.

2.   We find no bill of exceptions in the record, and all the other questions raised on the appeal relate to supposed errors in the charge of the court.   In order to present these matters intelligently it will

be necessary to copy a considerable portion of the court's charge. After a definition of the offense of arson, an instruction with reference to circumstantial evidence and an instruction to the effect that before they could convict appellant they must find beyond a reasonable doubt that he did, as charged in said indictment, by means calculated to effect the object, of attempt to commit the offense of arson by burning the house belonging to Harriett Posey Pope, the court then instructed the jury as follows: "Among other defenses set up by the defendant is an alibi, that is, that if the offense was committed, as alleged, then the defendant was, at the time of the commission thereof, at another and different place from that which such offense was committed, and therefore was not and could not have been the person who committed the same. Now, if the evidence raised in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time of the commission thereof, you will find the defendant 'not guilty.' Among other defenses made in this case is that of insanity. You are charged that only a person with a sound memory and discretion can be held punishable for a crime, and that no act done in a state of insanity can be held punishable as an offense. Every man is presumed to be sane until the contrary appears to the jury trying him. He is presumed to possess, until this appears, a sufficient degree of reason to be responsible for his acts; and to establish a defense on the ground of insanity it must be clearly proved that at the time of committing the act, the party accused was laboring under such defect of reason, from disease of mind, as not to know the nature or quality of the act he was doing; or if he did know that, he did not know he was doing wrong, that is, that he did not know the difference between right and wrong as to the particular act charged against him. The insanity must have existed at the very time of the commission of the offense and the mind must have been so dethroned of reason as to deprive the person accused of a knowledge of the right and wrong as to the particular act done. You are to determine from the evidence in this case the matter of sanity, it being a question of fact, controlled, so far as the law is concerned, by the instructions herein given you. In case you find from the evidence that the defendant was insane at the time of the commission of the act, and you acquit him, under the instructions heretofore given you, you will state in your verdict that you have acquitted the defendant on the grounds of insanity. If you should believe from the evidence that the defendant was, at the time of the commission of the offense as charged, insane, then you will acquit him. If at the time of the commission of the offense, if any, the defendant did not know right from wrong as it relates to this particular act, and if he was incapable of estimating and determining the quality of the act he was performing, if he did so, and its punishment, then you should acquit him." We think, considered alto-

gether, this was an admirable presentation of the defenses interposed and is not subject to the criticism leveled against it by appellant to the effect, among other things, that it assumes that the offense of arson was committed, or that appellant was present and partici-pated in, or committed the act. Indeed, as we read the charge, taken as a whole, it does not assume any fact as proven against appellant, but the whole matter is left to be decided by the jury under the instructions given. Of course, single paragraphs of the court's charge taken out of their connection, might indicate that there had been an assumption of the fact that an offense had been committed. There seems to have been no issue or question made on the trial, nor is it a matter of dispute that about the time charged someone had set fire to the house or attempted to do so. The question of identity of, and connection of, appellant with this offense was clearly sub-mitted to the jury as well as the question, if the offense was com-mitted at all, as to whether he was present when committed and also as to his mental responsibility. As we say, there was some cogent evidence offered by appellant both on the issue of alibi and insanity. However, this was not so conclusively shown as to justify us, in the face of the verdict and in view of the action of the learned trial court, in holding as a matter of law that the testimony is insufficient.

Finding no error in the record, it is ordered that the judgment of the court below be and it is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied November 30, 1910.—Reporter.]